UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRISTOBAL ORTIZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. C16-1932RSL

ORDER DENYING MOTION
TO VACATE, SET ASIDE,
OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255

This matter comes before the Court on Cristobal Ortiz's *pro se* motion to vacate, set aside, or correct his sentence. Dkt. # 1. For the reasons explained below, the motion is DENIED.

## I.    BACKGROUND

After a two-year investigation by the Drug Enforcement Administration (DEA), federal officers arrested petitioner Cristobal Ortiz in February 2015 and charged him with a number of drug-trafficking and firearm offenses. Specifically, a superseding indictment charged him with being a felon in possession of a firearm (in violation of 18 U.S.C. § 922(g)(1)), possessing a firearm in furtherance of a drug-trafficking offense (18 U.S.C. § 924(c)), possessing a firearm with an obliterated serial number (18 U.S.C. §§ 922(k), 924(a)(1)(B)), conspiracy to distribute methamphetamine and heroin (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 846), distribution of heroin (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)), distribution of heroin near a school (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860), and possession with intent to distribute methamphetamine and heroin (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B)). CR Dkt. #

46.[1] Defense counsel filed a number of pretrial motions, including a motion to suppress evidence recovered from the search of Ortiz's home. CR Dkt. # 79. That motion argued the search warrant was insufficiently specific and unsupported by probable cause. After a hearing, the Court denied the motion. CR Dkt. # 98.

In the weeks before trial was scheduled to begin, Ortiz's attorney also filed a number of motions *in limine*, including one motion to exclude wiretap evidence that the Court granted. CR Dkt. # 115. The week before the trial's scheduled start date, defense counsel filed a motion to continue the trial date. CR Dkt. # 118. Ortiz himself also filed a motion to continue, CR Dkt. # 135, and a motion to proceed *pro se* based on dissatisfactions with his attorney, CR Dkt. # 134. In an *ex parte* hearing, the Court heard from Ortiz regarding his self-representation motion. Ortiz made clear he mainly wanted to spend more time with counsel preparing for trial but that he would represent himself if he had to. The Court did not find a genuine and unequivocal desire to proceed *pro se* or an irreparable breakdown in the attorney-client relationship. Proceedings continued with counsel representing Ortiz.

Soon thereafter, Ortiz entered into a plea agreement. He entered pleas of guilty to possession of a firearm in furtherance of a drug-trafficking offense (18 U.S.C. § 924(c)), and one count of conspiracy to distribute heroin (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846). The plea agreement included a limited appeal waiver: if Ortiz received a sentence within or below his recommended Sentencing Guidelines range, he would waive his rights to appeal and collaterally attack his conviction and sentence, except for grounds relating to the effectiveness of counsel. In June 2016, the Court sentenced Ortiz to 120 months imprisonment—a sentence below the recommendations of the government and U.S. Probation and well below his Guidelines range of 210 to 262 months. Ortiz did not appeal.

Nearly six months later, Ortiz filed this motion, which asserts two claims of ineffective assistance of counsel, one claim based on Ortiz's self-representation motion, and one claim citing Johnson v. United States, 135 S. Ct. 2551 (2015).

---

[1] Citations to "CR Dkt." refer to Ortiz's criminal case, United States v. Ortiz, Case No. CR15-43RSL.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel Claims

Ortiz claims counsel was ineffective in two ways. He first claims "[c]ounsel was ineffective for failing to file a notice of appeal after [Ortiz] specifically instructed him to do so on his behalf." Dkt. # 1 at 5. He further claims "[c]ounsel was ineffective for failing to file a [pretrial] motion arguing that the indictment should be dismiss[ed] because all the evidence used to support the indictment was based on an invalid search warrant." Dkt. # 1 at 6.

The Court evaluates claims of ineffective assistance of counsel under the familiar standard that requires showing (1) that counsel's performance was deficient to the point that it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). Counsel's failure to file an appeal, or failure to consult the defendant about appealing, may amount to constitutionally deficient performance if that failure was objectively unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 479–80. In those cases, counsel's failure to consult about or file an appeal is more likely to be objectively unreasonable if the defendant indicated he wanted to appeal, or if nonfrivolous appeal grounds would have made an appeal rational. Id. at 480. In a § 2255 motion, the petitioner must make that showing by a preponderance of the evidence. Simmons v. Blodgett, 110 F.3d 39, 42 (9th Cir. 1997).

Ortiz fails to make that showing on either of his ineffectiveness claims. Regarding his notice-of-appeal claim, Ortiz does not show either that he indicated a desire to appeal, or that there were nonfrivolous grounds for filing one. He asserts, for the first time in this petition, that he wrote counsel a letter two days after sentencing with instructions to file a notice of appeal. In a declaration, Ortiz's trial counsel represents that he did not file a notice of appeal, because Ortiz never asked or instructed him to do so. Dkt. # 9-1 at 64 ¶ 6 (Gombiner Decl.). He represents that he has no record or recollection of a letter or any other communication from Ortiz to that effect. Id. Additionally, counsel represents that he "had several communications with Mr. Ortiz at and after his sentencing[, and] . . . Mr. Ortiz never orally requested that [counsel] file a Notice of

Appeal following his sentencing." Id. Ortiz has not made even a minimal showing that an appeal request was ever lodged with counsel. Furthermore, given that Ortiz had just pleaded guilty pursuant to a plea agreement that waived appeal rights, there is no indication of any nonfrivolous appeal grounds to make counsel reasonably suspect Ortiz would want to appeal. Ortiz accordingly does not show that counsel's failure to file an appeal fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 688.

Ortiz also fails to show he received ineffective assistance of counsel because his attorney did not "file a pre-trial motion arguing that the indictment should be dismiss[ed] because all the evidence used to support the indictment was based on an invalid search warrant." Dkt. # 1 at 6. There is no indication that Ortiz asked counsel to file that motion, nor is there any indication the motion would have succeeded. Counsel had already filed a suppression motion challenging the search warrant, CR Dkt. # 79, and that motion was denied, CR Dkt. # 98. The Court can find no reason why counsel should have filed a motion to dismiss based on another challenge to that warrant. Ortiz accordingly fails to show counsel performed deficiently, or articulate any prejudice he suffered from counsel's performance.

**B.     Johnson Claim**

Ortiz also claims he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson involved a sentencing enhancement in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), that imposes a 15-year minimum sentence on offenders with two or more drug offenses or violent felonies. ACCA defines "violent felony" as including any crime that is "burglary, arson, or extortion, [or] involves use of explosives." Id. § 924(e)(2)(B)(ii). The definition also has a residual clause that includes any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. In Johnson, the Supreme Court struck down the residual clause as unconstitutionally vague, 135 S. Ct. at 2563, which the Court later determined was a substantive decision retroactive in cases on collateral review, Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Assuming Ortiz's plea agreement did not waive the right to level this challenge, nothing in Johnson impacts the legality of his sentence. His conviction and sentence derive from possessing a firearm during the commission of a "drug trafficking crime," 18 U.S.C. § 924(c), not a "violent felony" or "crime of violence." The ACCA sentencing provisions at issue in Johnson has no implications for Ortiz's case.

## C. Self-Representation Claim

Ortiz also claims he was denied his "constitutionally protected right to represent himself," Dkt. # 1 at 7, when the Court denied his motion to proceed *pro se*. He claims that he waived his right to counsel and instead "clearly expressed his desire to represent himself." Id.

A criminal defendant has both the right to court-appointed counsel, see 18 U.S.C. § 3006A; Gideon v. Wainwright, 372 U.S. 335, 342 (1963), and the right to represent himself, Faretta v. California, 422 U.S. 806, 810 (1975). Indeed, "[t]he sixth amendment's guarantee of the assistance of counsel is unusual among constitutional rights in that it is also implicitly a guarantee of its opposite, the right to refuse the assistance of counsel." Adams v. Carroll, 875 F.2d 1441, 1443 (9th Cir. 1989). For that reason, when a defendant waives the right to counsel and chooses to proceed *pro se*, that request must be unequivocal. Id. at 1444. This ensures defendants do not arbitrarily waive a constitutional right, and "prevents a defendant from taking advantage of the mutual exclusivity of the rights to counsel and self-representation." Id.

After Ortiz filed his motion to proceed *pro se*, the Court held an *ex parte* hearing to ascertain his reasons for doing so and to make sure that he unequivocally meant to waive his right to counsel. The hearing revealed that Ortiz was in fact apprehensive about trial and wanted more time to prepare with counsel. See Dkt. # 9-1 at 14–15. When asked if he wanted to represent himself, Ortiz responded, "If I have to, Your Honor, and to go through my whole case by myself, I will do that, Your Honor." Dkt. # 9-1 at 15. He followed that up by saying, "If I can get a continuance granted, Your Honor, I mean, I need to go through my case very thoroughly with [my attorney]." Id. Ortiz's stated reasons in the hearing reflect an apprehension of his upcoming trial and a desire for more time, not an unequivocal request to proceed *pro se*.

### III. CONCLUSION

The Court finds that Ortiz has not demonstrated his sentence should be vacated, set aside, or corrected, and his petition is accordingly DENIED.

The Court further finds that no evidentiary hearing is required, because the record conclusively shows Ortiz is not entitled to relief. See 28 U.S.C. § 2255(b). The Ninth Circuit's decision in United States v. Sandoval-Lopez, 409 F.3d 1193, 1198 (9th Cir. 2005), does not compel that an evidentiary hearing be held. Sandoval-Lopez also involved a petitioner who alleged ineffective assistance of counsel for a failure to file a notice of appeal, even though he had waived his appeal rights in a plea. Id. at 1194. The court ordered an evidentiary hearing because it could not sufficiently determine whether the petitioner "really did tell his lawyer to appeal and his lawyer refused though Sandoval-Lopez demanded it." Id. at 1198. The Court finds that counsel's declaration and the circumstances surrounding Ortiz's guilty plea obviate the need for an evidentiary hearing.

Finally, petitioner has not substantially shown a denial of his constitutional rights, and the Court concludes no certificate of appealability should issue. See id. § 2253(c)(2).

For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion, Dkt. # 1, is hereby DENIED; and

(2) Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 25th day of October, 2017.

Robert S. Lasnik
United States District Judge